

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 13, 1966

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Mr. Greer:

Opinion No. C-682

Re: Applicability of Article 827a-6, V.P.C., to question presented; supplementing Opinion No. C-613.

Since the release of our Opinion No. C-613 on February 17, 1966, there has been a question raised whether the State Highway Department may, in its discretion, pursuant to Article 827a-6, under a permit granted to an owner and operator of overweight specially equipped mobile equipment transporting frac oil in servicing oil wells, allow such a fracing truck the right to transport crude oil from wells which are not connected to a pipeline.

In order to avoid further confusion on this point, we are issuing this letter as a supplement to Opinion No. C-613.

In Opinion No. C-613 (1966), we previously held that the State Highway Department had the discretion to grant the owner and operator of specially equipped overweight mobile equipment which transports frac oil in servicing oil wells a permit for the movement of such equipment under Article 827a-6, V.A.P.C.

This statute was designed to authorize the Highway Department to grant to owners and operators of such machinery and equipment a permit to use the roads and highways of the state under the conditions specified where used primarily for the purposes of servicing, cleaning out, or drilling oil wells. The statute does not expressly nor impliedly restrict such business purposes to those oil wells connected to a pipeline. As a new regulatory and remedial act, Article 827a-6, V.A.P.C., must be given the most liberal, comprehensive construction possible as distinguished from a restrictive or narrow, technical one. See Board of Insurance Commissioners v. Great Southwestern Life Insurance Co., 150 Tex. 258, 239 S.W.2d 803, 809 (1951); City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273, 280 (1951).

The servicing of oil wells, whether or not connected to pipelines, necessarily and impliedly includes those activities performed to or about the well which are incident to its needs and operation. The removal of

production from the well is essential to the operation of that well. Many wells are required to produce continually or will die, in which latter case extensive costly reworking operations often become mandatory. After completion operations, the production may be turned into a tank battery for temporary storage. The tank must be emptied from time to time, and the removal of production in the absence of a pipeline may become an absolutely essential element in the production of an oil well and the servicing thereof on the lease where operated. A necessary part of the primary business of oil well servicing is the removal and transportation off the lease of the oil for marketing. Our courts, even in the absence of an express obligation, will imply a covenant on the part of the leasee to transport and market the oil produced, for the breach of which the remedies of liability in damages or termination of the lease may become available. See Summers, Oil and Gas, Section 400, page 582; Williams and Meyers, Oil and Gas Law, Section 853, page 388.

It appears to be well established that the backhaul of projects or properties performed incident to the primary business purpose or enterprise of the owner and operator will be necessarily implied or authorized in the regulation of transportation and movement of vehicles across the highways of our country. Red Ball Motor Freight, Inc., v. Shannon, 84 S.Ct. 1260, 377 U.S. 311 (1964); Brocks Transp. Co. v. U.S., 93 F.Supp. 517, affirmed 71 S.Ct. 501, 340 U.S. 925 (1951).

It is the opinion of this office that the State Highway Department may, in its discretion, pursuant to Article 827a-6, V.A.P.C., under its permit granted to an owner and operator of overweight mobile equipment transporting frac oil in servicing oil wells as described in Opinion No. C-613, allow such specially equipped fracing trucks the right to transport crude oil from wells which are not connected to a pipeline; provided, however, there is a compliance with the conditions required by the Highway Commission and the payment of the fees established by it or required for registration under Article 6675a. As noted in our Opinion No. C-613, supra, the Highway Department has the sole discretion, in determining whether to issue the permit, to pass upon whether the movement may be made without material damage to the highway, whether it would work a serious inconvenience to highway traffic, and whether the vehicle is properly registered.

We are aware that we have placed a liberal construction upon this statute. We believe that our conclusions were the intent of the Legislature in enacting this remedial statute. If our opinion is not the conclusion intended by the Legislature, such statute can certainly be amended in the next session of the Legislature. We feel that the discretion of the Highway

Commission in granting or denying permits affords ample safeguards for the protection of the State Highway System.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Kerns B. Taylor*
KERNS B. TAYLOR
Assistant Attorney General

KBT:da

APPROVED FOR THE ATTORNEY GENERAL
By:   T. B. Wright
      Executive Assistant

cc:   Colonel Homer Garrison